IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA ASSOCIATION OF
PROFESSIONAL FIREFIGHTERS,

        Plaintiff,                No. CIV S-10-2289 WBS DAD

    v.

LYNN B. BAUMAN,

                                FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

        This matter came before the court on March 11, 2011, for hearing of plaintiff's amended motion for default judgment (Doc. No. 12). Scott Plamondon, Esq. appeared for the plaintiff. No appearance was made by or on behalf of the defendant.

        At the conclusion of the hearing, the court directed plaintiff's counsel to file a supplemental brief addressing the legal standards applicable to motions for default judgment and the factors to be considered by the court pursuant to Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), with an analysis of how the Eitel factors have been satisfied by plaintiff in this case. The court also directed plaintiff to provide a breakdown of attorney hours and rates so that the court can assess the reasonability of the amount claimed by plaintiff with respect to attorney fees. Plaintiff filed a supplemental memorandum of points and authorities on April 5, 2011 (Doc. No. 14), whereupon plaintiff's motion for default judgment was submitted for decision.

1

1    After considering plaintiff's argument and all written materials submitted in

2    connection with plaintiff's motion, the undersigned recommends that plaintiff's motion be

3    granted and that default judgment be entered against defendant.

4                                      BACKGROUND

5    Plaintiff California Association of Professional Firefighters (CAPF) is a

6    California non-profit mutual benefit association established as a voluntary employee beneficiary

7    association.  CAPF is the sponsor of a long term disability plan (Plan) that is available to

8    members of participating fire departments.  The Plan does not provide benefits if similar benefits

9    are available from another source or if the member is eligible for similar benefits.  Due to the

10   delays in receiving similar benefits, the Plan will provide a beneficiary with the full amount of

11   benefits payable under the Plan, subject to the beneficiary's agreement to repay the amounts

12   provided by the Plan upon the member's recovery of other benefits.

13   Defendant Lynn B. Bauman, who was a member of a participating fire

14   department, applied for group membership in the Plan on August 2, 1990.  By executing her

15   application, plaintiff agreed to abide by the terms of the Plan.  On March 28, 2002, defendant

16   Bauman filed a claim for disability benefits under the Plan, alleging that she was disabled and

17   stating that she was not working and had not worked since May 12, 1997.  Defendant also

18   executed an Obligations and Benefit Election form before a notary public.  On the form,

19   defendant elected to receive un-reduced benefit payments from the Plan and agreed to

20   immediately reimburse the Plan for any amounts construed as "benefits from other sources," as

21   defined in the Plan.  From July 2002 through May 2003, plaintiff provided defendant Bauman

22   with long-term disability benefits in the amount of approximately $44,268.00.

23   Plaintiff subsequently learned that defendant Bauman received a retroactive

24   disability date of June 2002 at a percentage of her pre-disability wages.  Defendant was therefore

25   obligated to repay plaintiff $23,011.00 for benefits paid by plaintiff during the period to which

26   defendant's retroactive benefits applied.  On July 29, 2006, defendant Bauman acknowledged in

2

writing that she had received retroactive retirement payments and confirmed her obligation to

repay the Plan.  Defendant promised to make payments of $1,000 monthly until the total amount

of $23,011.00 was paid.  From November 2006 through September 2009, defendant made

sporadic payments in various amounts that totaled $6,000.00.  With each payment, defendant

Bauman explained her financial situation but stated her intent to repay the full amount.

However, defendant made no further payments after September 2, 2009.  Plaintiff demanded full

repayment on various dates in 2009 and 2010 but defendant Bauman did not pay the

$17,011.00 that remained unreimbursed.

Plaintiff brought this action on August 25, 2010, for the purpose of collecting the

amount still owed by defendant.  Jurisdiction arises under ERISA.

Although service of process was effected by personal service on defendant , she

failed to appear in the action.  On January 6, 2011, plaintiff requested entry of default against

defendant Bauman.  (Doc. No. 5.)  The Clerk entered default against defendant Bauman on

January 7, 2011.  (Doc. No. 6.)  On January 27, 2011, plaintiff filed its initial application for

entry of default judgment against defendant.  (Doc. No. 7.)  The motion includes proof of service

on defendant.  (Doc. No. 7 at 3.)  Plaintiff's amended motion for default judgment was also

served on defendant.  (Doc. No. 12 at 3.)  Defendant did not file opposition to plaintiff's motion

and did not appear at the hearing.  Defendant did not respond to plaintiff's supplemental brief,

which was served on defendant on April 5, 2011.  (Doc. No. 14 at 9.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for

entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding

liability are taken as true, while allegations regarding the amount of damages must be proven.

Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983)

(citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th

Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986).  The court is free to consider a variety of factors in exercising its discretion.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

I.  Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendant Bauman, establish the following circumstances:  defendant Bauman applied for membership in plaintiff's long-term disability plan on August 1, 1990; when defendant filed a claim for disability benefits on March 28, 2002, she executed a form by which she agreed to immediately reimburse the Plan for amounts received that constituted benefits from other sources, as defined by the Plan; defendant received $44,268.00 in long-term disability benefits from the Plan; defendant received a retroactive disability retirement date of June 2002 that obligated her to repay plaintiff the amount of $23,011.00 pursuant to the form she executed on March 28, 2002; defendant repaid $6,000.00 of the amount she owed but has made no payments since September 2, 2009; defendant Bauman still owes plaintiff $17,011.00.

1    The undersigned finds that defendant was properly served with plaintiff's

2 complaint and the Clerk properly entered defendant's default.  Federal Rule of Civil Procedure 5,

3 which governs the service and filing of pleadings and other papers, provides that "[n]o service is

4 required on a party who is in default for failing to appear," except that "a pleading that asserts a

5 new claim for relief against such a party must be served on that party under Rule 4."  Fed. R. Civ.

6 P. 5(a)(2).  However, plaintiff has served defendant with all applications and motions for default

7 judgment, including the supplemental briefing filed on April 5, 2011.  Despite being served with

8 all papers filed in connection with plaintiff's request for entry of default and motion for default

9 judgment, defendant failed to respond to plaintiff's complaint, plaintiff's request for entry of

10 default, or plaintiff's motion for default judgment.  Nor did defendant appear at the hearing on

11 plaintiff's motion.  Defendant Bauman has failed to participate in this action in any way.

12    After weighing the Eitel factors, the undersigned finds that the material

13 allegations of the complaint support plaintiff's claims.  Plaintiff will be prejudiced if default

14 judgment is denied because plaintiff has no other recourse for recovery of the damages suffered

15 due to defendant's failure to repay the amount she owes.  In light of the entry of default against

16 defendant, there is no apparent possibility of a dispute concerning the material facts underlying

17 the action.  Defendant's own correspondence with plaintiff, in which she acknowledges the

18 amount she owes plaintiff, demonstrates that defendant's default is not a result of excusable

19 neglect.  Defendant had ample notice of plaintiff's intent to pursue judgment against her, and she

20 has had numerous opportunities to oppose default judgment.  Although public policy generally

21 favors the resolution of a case on its merits, defendant's failure to appear and defend against

22 plaintiff's claims has made a decision on the merits impossible in this case.

23    Because the Eitel factors weigh in plaintiff's favor, the undersigned, while

24 recognizing the public policy favoring decisions on the merits, will recommend that default

25 judgment be entered against the defaulted defendant.

26 /////

II.  Terms of Judgment to Be Entered

      After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.  Upon consideration of plaintiff's briefing, the undersigned finds that restitution should be ordered for the amount owed by defendant, i.e. $17,011.00, with interest at the simple annual rate of ten percent, as provided in the Obligations and Benefits Election form signed by defendant on March 28, 2002.

      The Obligations and Benefits Election form also provides that the prevailing party in any legal proceeding involving defendant's benefits under the Plan "shall be entitled to recover all reasonable costs, fees, and expenses, including without limitation attorney fees incurred with respect to the action to require repayment." (Compl., Ex. A.)  Plaintiff requests an award of costs in the amount of $663.29 for filing fees and fees for service of process, along with an award of $7,749.04 for attorney fees incurred.  Declarations submitted with plaintiff's supplemental brief indicate that the amount for attorney fees is based on 35.1 hours for services performed by four attorneys on behalf of plaintiff at the following hourly rates:  the rate of $195.00 for a new associate with one year of experience, who performed 14.9 hours of legal research and other litigation preparation; the rate of $300.00 for an associate with 11 years of experience, who performed 1.4 hours of services when he appeared at the hearing of plaintiff's motion for default judgment; the rates of $300.00 for 5.9 hours and $310.00 for 12.3 hours for the senior associate responsible for this case; and .6 hour for a shareholder in the firm who provided limited support and assistance.  The court finds that plaintiff has sufficiently proven that it is entitled to recover costs of $663.29 and attorney fees of $7,749.04.

      In summary, the undersigned will recommend that plaintiff be awarded judgment in the total amount of $25,423.33, which includes the unpaid amount due of $17,011.00, costs of $663.29, and attorney fees of $7,749.04.

/////

/////

CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended motion for default judgment (Doc. No. 12) be granted;

2. Default judgment in the amount of $25,423.33 be entered against defendant Lynn B. Bauman and in favor of plaintiff California Association of Professional Firefighters; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\CAPF2289.mdj.f&r

7